1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  MARK A. SLAY, individually and on behalf of other current and former 12  employees, | No.  1:14-cv-01416-TLN-GSA |
| 13              Plaintiffs, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE FIRST AMENDED COMPLAINT** |
| 14      v. | |
| 15  CVS CAREMARK CORPORATION, a Delaware corporation; and DOES 1 16  through 20, inclusive, | |
| 17              Defendants. | |

18

19          This matter is before the Court pursuant to Defendant CVS Caremark

20  Corporation's ("Defendant") Motion to Dismiss and/or Strike Plaintiff's First Amended

21  Complaint ("FAC").  (Def.'s Mot. to Dismiss, ECF No. 3.)  Plaintiff Mark A. Slay ("Plaintiff"),

22  individually and on behalf of other current and former employees (collectively "Plaintiffs"), filed

23  an opposition to Defendant's motion.  (Pl.'s Opp'n, ECF No. 9.)  The Court has carefully

24  considered the arguments raised in Defendant's motion and reply, as well as Plaintiff's

25  opposition.  For the reasons set forth below, Defendant's Motion to Dismiss and/or Strike is

26  GRANTED IN PART AND DENIED IN PART.[1]

27  _____

28  [1] As an initial matter, Plaintiff argues that Defendant's motion was served without sufficient notice because Defendant gave Plaintiff notice of its Motion to Dismiss 30 days prior to the scheduled hearing date instead of the 31 days required by combining Local Rule 230(b) (requiring 28 days' notice) and Federal Rule of Civil Procedure 6(d) ("Rule 6(d)") (requiring an additional 3 days' notice in certain service situations).  (Pl. Opp'n, ECF No. 9 at 2.)  Rule

1

## I.  FACTUAL BACKGROUND

Plaintiff was an employee of Defendant, working at its Patterson Distribution Center in Stanislaus County, California.  (First Am. Compl., ECF No. 1-5 at ¶ 1.)  Plaintiff was most recently employed by Defendant as a mid-level supervisor for which he was compensated at a salary of $73,000 per year, vacation time of fifteen days or 120 hours per year, and a performance-based bonus every April.  (ECF No. 1-5 at ¶ 4.)  Plaintiff worked a regular schedule of Monday through Friday beginning at approximately 4:30 a.m. and ending at approximately 7:00 p.m., as well as weekends as needed.  (ECF No. 1-5 at ¶ 4.)  Plaintiff was discharged by Defendant on February 21, 2013.  (ECF No. 1-5 at ¶ 5.)

Plaintiff alleges that Defendant did not pay overtime premiums to Plaintiff and did not allow him a thirty-minute meal period every workday or a second meal period when working more than 12 hours in a day.  (ECF No. 1-5 at ¶ 4.)  In addition, Plaintiff argues that the wage statements provided to Plaintiff by Defendant did not specify the total hours worked or the applicable hourly rates and corresponding number of hours worked.  (ECF No. 1-5 at ¶ 4.)  Plaintiff further alleges that he was paid his monthly salary for February 2013, but he was not paid any additional amounts at the time of discharge or anytime thereafter.  (ECF No. 1-5 at ¶ 5.)

Plaintiff provided notice to the California Labor and Workforce Development Agency ("LWDA") pursuant to California Labor Code § 2699.3(a)(1) of the violations allegedly committed by Defendant against him and other current and former employees on May 27, 2013.[2] (ECF No. 1-5 at ¶ 6.)  The LWDA responded by letter on June 26, 2014, that, after review, it did not intend to investigate the allegations.  (ECF No. 1-5 at ¶ 6.)

---

6(d) states, "[w]hen a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)."  Fed. R. Civ. Pro. 6(d).  However, Rule 6(d) "applies only when a party is required to act within a prescribed period after *service*, not after *filing*."  *Ungureanu v. A. Teichert & Son, Inc.*, 2:12-CV-3109-GEB-KJN, 2013 WL 1091279, at *3 n.2 (E.D. Cal. Mar. 15, 2013) *report and recommendation adopted*, No. 2:12-CV-3109-TLN-KJN, 2013 WL 2449557 (E.D. Cal. June 5, 2013); *Borchers v. Standard Fire Ins. Co.*, No. C-10-1706 MMC, 2010 WL 2608291, at *1 (N.D. Cal. June 25, 2010).  "Since [an] opposition due date is not triggered by the date of service of the motion, the motion [is] not required to be served three days earlier than the time period set forth in Local Rule 230(b)."  *Dev v. Donahoe*, No. 2:11-CV-2950-JAM-EFB, 2013 WL 866493, at *1 (E.D. Cal. Mar. 7, 2013).  As such, Defendant was required to serve the motion three days earlier than the time period set forth in Local Rule 230(b).  Thus, Defendants motion was timely served.

[2] Defendant contests the date Plaintiff gave notice to the LWDA.  The Court addresses this issue below.  *See infra* Section III(a)(ii).

1    Plaintiff brings this suit against Defendant and DOES 1 through 10 for: 1) failure

2   to pay overtime wages in violation of California Wage Order and Labor Code sections 1198,

3   1194 and 204(b); 2) failure to provide adequate meal periods in violation of California Wage

4   Order and Labor Code section 512; 3) failure to establish adequate paydays in violation of

5   California Labor Code section 204(a); 4) failure to provide adequate wage statements in violation

6   of California Labor Code section 226(a); 5) failure to pay wages due upon discharge in violation

7   of California Labor Code sections 201 and 227.3; and 6) unlawful business practices in violation

8   of California Business and Professions Code section 17200 ("the UCL").  Plaintiff also seeks

9   penalties under the Private Attorneys General Act of 2004 ("PAGA").  (ECF No. 1-5 at ¶ 5.)

10    Defendant moves to dismiss Plaintiff's Third and Fourth Causes of Action for

11   failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), as

12   well as moves to strike allegations concerning PAGA, injunctive relief, and "other current and

13   former employees" pursuant to Federal Rule of Civil Procedure 12(f) ("Rule 12(f)").  (ECF No. 3

14   at 12, 14–15.)  In the alternative, Defendant moves for a more definite statement.  (ECF No. 3 at

15   20.)

16   **II. STANDARD OF LAW**

17   **a.  <u>Motion to Dismiss Pursuant to Rule 12(b)(6)</u>**

18    Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and

19   plain statement of the claim showing that the pleader is entitled to relief."  *See Ashcroft v. Iqbal*,

20   556 U.S. 662, 678–79 (2009).  Under notice pleading in federal court, the complaint must "give

21   the defendant fair notice of what the claim . . . is and the grounds upon which it rests."  *Bell*

22   *Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).  "This simplified

23   notice pleading standard relies on liberal discovery rules and summary judgment motions to

24   define disputed facts and issues and to dispose of unmeritorious claims."  *Swierkiewicz v. Sorema*

25   *N.A.*, 534 U.S. 506, 512 (2002).

26    On a motion to dismiss, the factual allegations of the complaint must be accepted

27   as true.  *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court is bound to give plaintiff the benefit of

28   every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.

*Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570).  Only where a plaintiff fails to "nudge[] [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680.  While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.  This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201.  *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu*

1  *Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal.

2  1998).

3        If a complaint fails to state a plausible claim, " '[a] district court should grant leave

4  to amend even if no request to amend the pleading was made, unless it determines that the

5  pleading could not possibly be cured by the allegation of other facts.' " *Lopez v. Smith*, 203 F.3d

6  1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir.

7  1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of

8  discretion in denying leave to amend when amendment would be futile).  Although a district court

9  should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's

10  discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended

11  its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir.

12  2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

13                          **b.  Motion to Strike Pursuant to 12(f)**

14        Rule 12(f) provides that a court "may strike from a pleading an insufficient

15  defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. Pro. 12(f).

16  A court will only consider striking a defense or allegation if it fits within one of these five

17  categories.  *Yursik v. Inland Crop Dusters Inc.*, No. CV–F–11–01602–LJO–JLT, 2011 WL

18  5592888, at *3 (E.D. Cal. Nov.16, 2011) (*citing Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d

19  970, 973–74 (9th Cir. 2010)).   "[T]he function of a 12(f) motion to strike is to avoid the

20  expenditure of time and money that must arise from litigating spurious issues by dispensing with

21  those issues prior to trial."  *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir.

22  1983).  However, Rule 12(f) motions are "generally regarded with disfavor because of the limited

23  importance of pleading in federal practice, and because they are often used as a delaying tactic."

24  *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003).  "Ultimately,

25  whether to grant a motion to strike lies within the sound discretion of the district court."  *Id.*

26  Unless it would prejudice the opposing party, courts freely grant leave to amend stricken

27  pleadings.  *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979); *see also* Fed. R. Civ. P.

28  15(a)(2).  If the court is in doubt as to whether the challenged matter may raise an issue of fact or

1    law, the motion to strike should be denied, leaving the assessment of the sufficiency of the

2    allegations for adjudication on the merits after proper development of the factual nature of the

3    claims through discovery.  *See generally Whittlestone, Inc.*, 618 F.3d at 974–75.

4            **III.  ANALYSIS**

5                a.  **Motion to Dismiss**

6                    i.  *Defendant's Motion to Strike Plaintiff's PAGA Claims is Improper*

7            Defendant requests the Court to strike Plaintiff's PAGA claims on the grounds that

8    they are time-barred.  (ECF No. 3 at 16).  The Court finds that Defendant's Motion to Strike

9    Plaintiff's PAGA claims is in substance a Rule 12(b)(6) motion because it involves the

10   sufficiency of Plaintiff's PAGA claims.

11           "[W]here a motion is in substance a Rule 12(b)(6) motion, but is incorrectly

12   denominated as a Rule 12(f) motion, a court may convert the improperly designated 12(f) motion

13   into a Rule 12(b)(6) motion."  *Consumer Solutions REO, LLC v. Hillery*, 658 F. Supp. 2d 1002,

14   1021 (N.D. Cal. 2009); *see also Guarantee Real Estate*, 2014 WL 5817536, at *4.[3]  While

15   Defendant asks for the Court to strike Plaintiff's PAGA claims, Defendant does not address how

16   Plaintiff's PAGA claims are "an insufficient defense or any redundant, immaterial, impertinent,

17   or scandalous matter" as required by Rule 12(f).  Instead, Defendant only argues that Plaintiff's

18   PAGA claims are insufficient because they are time-barred.  (ECF No. 3 at 16–18; Def.'s Reply,

19   ECF No. 14 at 8–9, 12–14.)  The Court finds that Defendant's Motion to Strike Plaintiff's PAGA

20   claims do not involve any of the five categories listed in Rule 12(f), but instead, relies on the

21   sufficiency of Plaintiff's PAGA claims.  Thus, the Court converts Defendant's Motion to Strike

22   Plaintiff's PAGA claims to a Motion to Dismiss pursuant to Rule 12(b)(6).

23                   ii.  *Plaintiff's PAGA Claims*

24           Plaintiff's PAGA claims arise out of Defendant's alleged violations of the

25   California Labor Code.  (ECF No. 1-5 at ¶ 6.)  Defendant argues that Plaintiff's PAGA claims are

26   time-barred.  (ECF No. 3 at 16.)  Plaintiff responds that he is not time-barred from seeking

27   _____

[3] "The proper medium for challenging the sufficiency of factual allegations in a complaint is through Rule 12(b)(6)
not Rule 12(f)."  *Kelley v. Corr. Corp. of Am.*, 750 F. Supp. 2d 1132, 1146 (E.D. Cal. 2010) (citing *Consumer
Solutions*, 658 F. Supp. 2d at 1020); *see also Guarantee Real Estate*, 2014 WL 5817536, at *4.

28

1   penalties under PAGA because the one-year limitations period has not yet begun to run.  (ECF

2   No. 9 at 5.)  Plaintiff argues that he can amend the Complaint to allege that he never received the

3   wage statement for his final wages (received by direct deposit in February 2013).  (ECF No. 9 at

4   5.)  The Court agrees with Defendant and finds that Plaintiff's claims are time-barred.

5          In 2003, California adopted PAGA to allow individual plaintiffs "to bring a civil

6   action to collect civil penalties for Labor Code violations previously only available in

7   enforcement actions initiated by the State's labor law enforcement agencies." *Caliber*

8   *Bodyworks, Inc. v. Superior Court*, 134 Cal. App. 4th 365, 374 (2005); *see also* Cal. Lab. Code §

9   2699(a); *Urbino v. Orkin Serv. of Cal., Inc.*, 726 F.3d 1118, 1121 (9th Cir. 2013); *Mazzei v. Regal*

10  *Entm't Grp.*, No. SACV 13-1284-DOC, 2013 WL 6633079, at *2–3 (C.D. Cal. Dec. 13, 2013).

11  To claim PAGA penalties, a plaintiff must exhaust the administrative procedures set out in Labor

12  Code § 2699.3.  *Caliber*, 134 Cal. App. 4th at 375–76.  This includes giving written notice to the

13  LWDA and the defendants via certified mail.  Cal. Lab. Code § 2699(a)(1).  After the LWDA

14  responds that it will not prosecute the action, or after 33 days without notice from the LWDA, the

15  plaintiff may file suit.  *Id.* § 2699(a)(2)(A).  To properly introduce a PAGA cause of action, a

16  party must plead compliance with the pre-filing notice and exhaustion requirements.  *See Thomas*

17  *v. Home Depot USA Inc.*, 527 F. Supp. 2d 1003 (N.D. Cal. 2007).

18         PAGA claims are also restricted by a one-year statute of limitations.  *See* Cal.

19  Code Civ. Proc. § 340(a); *Thomas*, 527 F. Supp. 2d at 1007; *Baas v. Dollar Tree Stores*, 2009

20  WL 1765759, at * 5 (N.D. Cal. Jun.18, 2009).  However, PAGA exempts the administrative

21  exhaustion time periods from the limitations period.  *See* Cal. Lab. Code § 2699(d) ("[t]he periods

22  specified in this section are not counted as part of the time limited for the commencement of the

23  civil action to recover penalties under this part.").  Thus, "this statute of limitations may be tolled

24  for up to 33 days to account for the period between when LWDA receives a PAGA complaint

25  letter and when it provides notice to the aggrieved employee whether it grants permission for the

26  aggrieved employee to initiate a civil action." *Crosby v. Wells Fargo Bank, N.A.*, No. CV 14-

27  05594-R, 2014 WL 4378774, at *3 (C.D. Cal. Sept. 3, 2014); *see also* Cal. Lab. Code §

28  2699.3(a)(2) and (d); *Singer v. Becton, Dickinson And Company*, No. C08–00821, 2008 WL

7

1   2899825, at *6 (S.D. Cal. July 25, 2008); *Martinez v. Antique & Salvage Liquidators, Inc.*, No.

2   C09-00997-HRL, 2011 WL 500029, at *8 (N.D. Cal. Feb. 8, 2011) *modified in part*, No. C09-

3   00997, 2011 WL 766683 (N.D. Cal. Feb. 25, 2011).  If the employee receives notice from LWDA

4   in a period shorter than 33 days, the statute of limitations is tolled for the shorter period.  *See* Cal.

5   Lab. Code § 2699.3(a)(2) and (d); *Crosby*, 2014 WL 4378774, at *3.

6           "Courts have interpreted the interplay of the statute of limitations with the

7   administrative exhaustion requirements of PAGA to require that a plaintiff file notice with the

8   LWDA within the applicable statute of limitations, namely one year."  *Soto v. Castlerock*

9   *Farming & Transp. Inc.*, No. CIV-F-09-0701 AWI, 2012 WL 1292519, at *5 (E.D. Cal. Apr. 16,

10  2012); *see also Santiago v. Amdocs, Inc.*, 2011 WL 1303395, *5 (N.D. Cal. Apr.2, 2011)

11  ("plaintiffs' PAGA claim is time-barred because the complaint alleges that plaintiffs Santiago and

12  Schussel last worked for defendant in December 2008 and April 2009 respectively and that they

13  filed their administrative complaint with LWDA on or about August 25, 2010"); *Moreno v.*

14  *Autozone, Inc.*, 2007 WL 1650942, *4 (N.D. Cal. June 5, 2007) ("[t]he passage of approximately

15  20 months between the accrual of her Ninth Claim and her first pursuit of administrative remedies

16  is fatal to the claim under the one-year limitations period").  However, even when notice is

17  timely-filed, a plaintiff must still file his claims within the one year and 33 days maximum statute

18  of limitations period.  *See Martinez*, 2011 WL 500029, at *9 (noting that the plaintiffs had one

19  year and 33 days from the date of their termination to file their PAGA claims, despite the fact that

20  they gave timely notice to the LWDA within the one year); *see also Stearns v. Select Comfort*

21  *Retail Corp.*, 763 F. Supp. 2d 1128, 1156 (N.D. Cal. 2010) ("a cause of action . . . accrues when

22  under the substantive law the wrongful act is done and the liability or obligation arises").

23          Here, Plaintiff was discharged by Defendant on February 21, 2013.  (ECF No. 1-5

24  at ¶ 5.)  To comply with PAGA, Plaintiff alleges that he notified the LWDA in order to exhaust

25  his administrative remedies on May 27, 2013.  (ECF No. 1-5 at ¶ 6.)  Defendant alleges that

26  Plaintiff did not notify the LWDA until May 27, 2014.[4]  (ECF No. 3 at 10.)  The LWDA

27  _____

    [4] Defendant asks the Court to take judicial notice of the letter to LWDA provided to Defendant as notice, as well as
28  the envelope in which the letter arrived pursuant to Federal Rule of Evidence 201.  (ECF No. 3 at 10–11; Ex. A, ECF
    No. 3-1 at 2, 5–11.)  In addition, Defendant requests this Court take judicial notice of the response letter from the

1  responded by letter on June 26, 2014 that, after review, it did not intend to investigate the

2  allegations. (ECF No. 1-5 at ¶ 6.)  Defendant argues that in order to seek penalties under PAGA,

3  Plaintiff was required to file his complaint or send his notice letter to the LWDA before February

4  21, 2014, one year after Plaintiff's termination. (ECF No. 3 at 17.)  Defendant contends that

5  Plaintiff's PAGA claims are time-barred because Plaintiff did not give notice to the LWDA until

6  May 27, 2014, and Plaintiff did not file his original complaint until May 28, 2014. (ECF No. 3 at

7  17.)  Defendant further alleges that Plaintiff is time-barred even if he had given notice to the

8  LWDA on May 27, 2013, because the statute of limitations for PAGA is only tolled up to 33 days

9  in order to give notice to the LWDA. (ECF No. 3 at 17.)  Defendant contends that as such,

10  Plaintiff's PAGA claims are still time-barred under this theory because Plaintiff would have to

11  have filed his complaint by March 27, 2014, one year after the 33 days tolling period. (ECF No.

12  3 at 18.)

13       The Court finds that Plaintiff had one year from the date of his termination on

14  February 21, 2013 to file his PAGA claims.  *See* Cal. Code Civ. Proc. § 340(a); *Baas*, 2009 WL

15  1765759, at * 5.  Plaintiff could toll this statute of limitations for 33 days because he filed his

16  notice within the one-year statute of limitations period.  *Crosby*, 2014 WL 4378774, at *3; *see*

17  *also* Cal. Lab. Code § 2699.3(a)(2) and (d); *Soto*, 2012 WL 1292519, at *5.  However, Plaintiff

18  does not and cannot argue that he filed within the statute of limitations because he gave notice to

19  the LWDA within the one year statute of limitations period.[5]  As such, Plaintiff was required to

20  file his complaint by March 27, 2014, within one year and 33 days from the date of his

21  termination of February 21, 2013.[6]  Plaintiff did not file his initial complaint until May 28, 2014,

22

23  LWDA to Plaintiff and Defendant. (Ex. B, ECF No. 3-1 at 2–3, 13–15.)  Because the Court finds that Plaintiff's
     PAGA claims are time-barred whether he gave notice to the LWDA on May 27, 2013 or May 27, 2014, Defendant's
     requests for judicial notice are hereby DENIED AS MOOT.

24  [5] The parties have not provided, nor can the Court find, any precedent which would allow a statute of limitations to
     begin to accrue from the date of notice rather than the date of violation.  As such, the Court finds that the statute of

25  limitations on Plaintiff's PAGA claims began to accrue when Plaintiff was terminated on February 21, 2013.
     [6] The Court declines to address Defendant's argument that Plaintiff mailed his notice to the LWDA on May 27, 2014,
     as opposed to May 27, 2013, because the Court finds Plaintiff is time-barred either way.  The Court will use

26  Plaintiff's May 27, 2013, date in order to accept his factual allegations in the FAC as true.  *Cruz*, 405 U.S. at 322.
     However, the Court still finds Plaintiff is time-barred from bringing his claim had he alleged that he gave notice to

27  the LWDA on May 27, 2014, because Plaintiff was still required to file within one year from the date of his
     termination, by February 21, 2014, or at most within one year and 33 days, March 27, 2014.  Plaintiff would not only

28  have filed his initial complaint outside of the statute of limitations period, on May 28, 2014, but Plaintiff would have

1    two months later.  (Compl., ECF 1-2 at 1.)  Thus, Plaintiff's PAGA claims are time-barred

2    because he filed his initial complaint after the one year and 33 day statute of limitations period

3    had run.

4            Plaintiff argues that one of the bases for relief under PAGA is the non-compliant

5    wage statements issued to Plaintiff and others by Defendant.  (ECF No. 9 at 5.)  Plaintiff contends

6    that he cannot be time-barred from seeking penalties under PAGA.  (ECF No. 9 at 5.)  Under

7    Plaintiff's theory, the one-year limitations period has not yet begun to run because he can amend

8    to allege that he never received the wage statement for his final wages received by direct deposit

9    in February 2013.  (ECF No. 9 at 5.)  Plaintiff argues that Defendant should not be able to avoid

10   liability by withholding a wage statement that, if timely delivered to the employee, would have

11   put him on notice of a violation.  (ECF No. 9 at 5.)

12           The Court finds Plaintiff's argument unavailing.  Plaintiff cites no authority for his

13   assertion.  (ECF No. 9 at 5.)  Plaintiff's theory would essentially allow him to suspend the statute

14   of limitations indefinitely.  "[A] cause of action accrues when the plaintiff discovers, or could

15   have discovered through reasonable diligence, the injury and its cause."  *Wyler Summit P'ship v.*

16   *Turner Broad. Sys., Inc.*, 135 F.3d 658, 664 (9th Cir. 1998) (interpreting California Code of Civil

17   Procedure section 337); *see also Angeles Chemical Co. v. Spencer & Jones*, 44 Cal.App.4th 112,

18   120 (1996); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1549 (9th Cir. 1990).

19   Thus, Plaintiff's injury occurred when Defendant allegedly failed to provide Plaintiff a wage

20   statement in February 2013, not when Plaintiff decides to allege that he never received the wage

21   statement for his final wages.  *See Perez v. WinnCompanies, Inc.*, No. 1:14-CV-01497-LJO, 2014

22   WL 5823064, at *7-8 (E.D. Cal. Nov. 10, 2014) (assessing a penalty based on Section 226 for

23   each time the defendant failed to provide a wage statement within the one-year statute of

24   limitations).  Thus, the Court is not persuaded by Plaintiff's argument.

25           Accordingly, the Court finds that Plaintiff fails to state a claim under PAGA, and

26   thus, DISMISSES Plaintiff's PAGA claims without leave to amend.

27   ///

28   _____
     also failed to give notice to the LWDA within one year.  *Soto*, 2012 WL 1292519, at *5.

1          iii.   *Plaintiff's Third Cause of Action under California Labor Code § 204*

2                  Plaintiff brings a claim against Defendant for violation of California Labor Code

3    section 204 ("Section 204") based on Defendant's failure to establish paydays for Plaintiff of at

4    least twice per month.  (ECF No. 1-5 at ¶ 12.)  Defendant argues that Section 204 does not

5    provide a private right of action.  (ECF No. 3 at 12.)  Plaintiff concedes that Section 204 offers no

6    private right of action and instead asserts that the allegations properly form a basis for relief under

7    Plaintiff's Sixth Cause of Action for unfair business practice brought under the UCL and for

8    Plaintiff's PAGA claims.  (ECF No. 9 at 3.)  Nevertheless, the Court finds Plaintiff cannot state a

9    claim because Section 204 does not offer a private right of action.

10                 Section 204 provides in relevant part that "[a]ll wages [. . .] earned by any person

11   in any employment are due and payable twice during each calendar month, on days designated in

12   advance by the employer as the regular paydays."  Cal. Lab. Code § 204.  However, Section 204

13   "does not grant employees a private right of action against employers who violate section 204."

14   *Young v. ABM Sec. Servs.*, 905 F.2d 1541, at *3 (9th Cir. 1990).  Instead, "[California Labor

15   Code section] 210 authorizes the Labor Commissioner to fine employers who violate § 204 and

16   deposit the money in the state treasury."  *Id.*  "There is nothing in section 204 or 210 that

17   indicates, in clear understandable, unmistakable terms, that a private right of action exists for

18   violations of section 204."  *Johnson v. Hewlett-Packard Co.*, 809 F. Supp. 2d 1114, 1136 (N.D.

19   Cal. 2011) *aff'd*, 546 F. App'x 613 (9th Cir. 2013) (internal citations omitted); *see also Jeske v.*

20   *Maxim Healthcare Servs.*, *Inc.*, No. CV F 11-1838 LJO JLT, 2012 WL 78242, at *5 (E.D. Cal.

21   Jan. 10, 2012) ("[the plaintiff] fails to demonstrate that she is entitled to pursue a private right of

22   action for a section 204 violation and offers nothing to suggest that she can rehabilitate the

23   claim").

24                 The Court agrees with the parties that Section 204 does not provide a private right

25   of action.  *See* Cal. Lab. Code § 204.  Instead, the remedy for a violation of Section 204 is found

26   in California Labor Code section 210, which allows for a recovery of civil penalties.  *See* Cal.

27   Lab. Code § 210.  Accordingly, the Court finds that Plaintiff cannot state a claim for a violation

28

11

1    of Section 204,[7] and Plaintiff's Third Cause of Action is DISMISSED without leave to amend.[8]

2                    iv.   *Plaintiff's Fourth Cause of Action under California Labor Code § 226*

3              Plaintiff brings a cause of action for violation of California Labor Code section

4    226 ("Section 226") based on Defendants failure to provide Plaintiff with accurate itemized

5    statements in writing showing the total hours worked by Plaintiff and the applicable hourly rates

6    and corresponding number of hours worked for each rate.  (ECF No. 1-5 at ¶ 14.)  Defendant

7    argues that Plaintiff's instant claim is time-barred by the one-year statute of limitations for

8    penalties because Section 226 only provides for penalties.  (ECF No. 3 at 14.)  However, Plaintiff

9    asserts that Section 226 provides for recovery of "the greater of all actual damages" or statutory

10   penalties.  (ECF No. 9 at 3.)  Defendant concedes this.  (ECF No. 14 at 10, n. 4.)  The Court finds

11   that Plaintiff may seek recovery of his alleged damages, but is time-barred from recovering

12   penalties.

13             Section 226(e)(1) provides that "[a]n employee suffering injury . . . is entitled to

14   recover *the greater of all actual damages* or fifty dollars ($50) for the initial pay period in which

15   a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent

16   pay period . . ."  Cal. Lab. Code § 226(e)(1) (emphasis added).  California has a one-year statute

17   of limitations for "[a]n action upon a statute for a penalty or forfeiture, if the action is given to an

18   individual, [ . . . ] except if the statute imposing it prescribes a different limitation."  Cal. Civ.

19   Proc. Code § 340.  However, California provides for a three-year statute of limitations for "[a]n

20   action upon a liability created by statute, other than a penalty or forfeiture."  Cal. Civ. Proc. Code

21   § 338.  "While [a] [p]laintiff may not seek penalties for a violation [of] 226(a) because of the one

22   year statute of limitations, claims for actual damages and injunctive relief for a violation of 226(a)

---

[7] Nothing in this order should be construed to suggest that the allegations of the violation of Section 204 cannot form the basis for recovery under the UCL or PAGA.  *See Farmers Ins. Exch. v. Super. Ct.*, 2 Cal.4th 377, 383 (1992) (holding that the UCL " 'borrows' violations of other laws and treats these violations, when committed pursuant to business activity, as unlawful practices independently actionable under [the UCL]"); *Arias v. Superior Court*, 46 Cal. 4th 969, 982 (2009) ("an aggrieved employee may bring a representative action against the employer for civil penalties based on violations of Labor Code provisions that expressly provide for a civil penalty"); *see also* Cal. Lab. Code § 2699.

[8] Plaintiff cannot amend to bring claims for violations of California Labor Code section 210 because section 210 only provides for penalties and, as previously discussed, Plaintiff is time-barred from seeking penalties.  *See infra* Section III(a)(iv); Cal. Lab. Code § 210 ("every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty. . .").

1    are timely because they have been brought within the three year statute of limitations and

2    constitute 'liability created by statute, other than a penalty or forfeiture.' " *Singer v. Becton,*

3    *Dickinson & Co.*, No. 08CV821 IEG (BLM), 2008 WL 2899825, at *5 (S.D. Cal. July 25, 2008)

4    (citing Cal. Code of Civ. Proc. § 338(a)).

5              Plaintiff was discharged by Defendant on February 21, 2013 (ECF No. 1-5 at ¶ 5)

6    and filed his initial complaint on May 28, 2014.  (ECF No. 1-2 at 1.)  The Court finds that the

7    appropriate statute of limitations period *for damages* for a violation of Section 226 is three years.

8    *See* Cal. Civ. Proc. Code § 340; Cal. Civ. Proc. Code § 338.  In order to file within the statute of

9    limitations, Plaintiff had to bring claims *for damages* against Defendant by February 21, 2016,

10   three years after his discharge date.  In his initial complaint filed on May 28, 2014, Plaintiff prays

11   for relief of damages, including unpaid wages.  (ECF No. 1-2 at ¶ 1.)  Since Plaintiff filed his

12   claim for damages in violation of Section 226 within the three year statute of limitations, it is not

13   time-barred.

14            However, Plaintiff had only one year from his date of termination to bring claims

15   for penalties against Defendant, by February 21, 2014. [9]  In his initial complaint filed on May 28,

16   2014, Plaintiff prays for relief of penalties.  (ECF No. 1-2 at ¶ 1.)  Accordingly, the Court finds

17   that Plaintiff's claims for penalties under Section 226 are time-barred because Plaintiff failed to

18   file his claims within one year of his termination, by February 21, 2014.

19            Defendant asks the Court to strike Plaintiff's claims for penalties in violation of

20   Section 226.  (ECF No. 14 at 10, n.4.)  Defendant's request to strike Plaintiff's claims for

21   penalties does not involve any of the five categories listed in Rule 12(f).  Instead, Defendant

22   argues that Plaintiff's claims for penalties are time-barred, which is in substance a Rule 12(b)(6)

23   motion, not Rule 12(f). [10]  *See Kelley v. Corr. Corp. of Am.*, 750 F. Supp. 2d 1132, 1146 (E.D.

---

24   [9] Plaintiff again argues that his claim for penalties under Section 226 is not time-barred because "the one-year
limitations period has not yet begun to run given that Plaintiff can amend to allege that he never received the wage

25   statement for his final wages received by direct deposit in February[] 2013."  (ECF No. 9 at 4.)  The Court has
previously found this argument unavailing.  *See supra* Section III(a)(ii).  Accordingly, the Court again declines

26   Plaintiff's invitation to create new law and finds that Plaintiff is still time-barred from bringing allegations of
penalties for the violations of Section 226.

27   [10] "[W]here a motion is in substance a Rule 12(b)(6) motion, but is incorrectly denominated as a Rule 12(f) motion, a
court may convert the improperly designated 12(f) motion into a Rule 12(b)(6) motion."  *Id.* (citing *Consumer*

28   *Solutions*, 658 F. Supp. 2d at 1021); *see also Guarantee Real Estate*, 2014 WL 5817536, at *4.  As such, the Court

1   Cal. 2010).  Accordingly, the Court converts Defendant's Motion to Strike Plaintiff's claims for

2   penalties in violation of Section 226 to a Motion to Dismiss pursuant to Rule 12(b)(6).

3           Therefore, Plaintiff fails to state a claim pursuant to Rule 12(b)(6) because the

4   Court finds that Plaintiff's claims for penalties in violation of Section 226 are time-barred.

5   However, the Court finds that Plaintiff has stated a claim for damages in violation of Section

6   226.[11]  Accordingly, Defendant's motion to dismiss Plaintiff's Fourth Cause of Action is

7   DENIED in part.  Plaintiff's claims for penalties in violation of Section 226 are DISMISSED

8   without leave to amend.

9           b.  **Motion to Strike**

10              i.  *Injunctive Relief*

11          Defendant asks the Court to strike Plaintiff's prayer for injunctive relief as

12   immaterial or impertinent because Plaintiff lacks standing to seek injunctive relief as a former

13   employee.  (ECF No. 3 at 19.)  Plaintiff argues that he has standing to seek injunctive relief

14   because he could benefit from a mandatory injunction.  (ECF No. 9 at 5.)  The Court finds that

15   Plaintiff's prayer for injunctive relief is both material and pertinent.

16          "Rule 12(f) does not authorize district courts to strike claims for damages on the

17   ground that such claims are precluded as a matter of law."  *Whittlestone*, 618 F.3d at 974–75; *see*

18   *also Wells Fargo Bank, N.A. v. Am. Nat'l Ins. Co.*, 493 Fed. App'x 838, 840 (9th Cir. 2012)

19   ("revers[ing] the district court order striking [plaintiff's] request" for relief under Rule 12(f));

20

---

21   finds that Defendant's Motion to Strike Plaintiff's claims for penalties in violation of Section 226 is in substance a
     Rule 12(b)(6) motion because it involves the sufficiency of Plaintiff's claims for penalties.  *See supra* Section
22   III(a)(i).

     [11] The Court notes that in the future, in order to recover for a violation of Section 226, Plaintiff must allege an actual
23   injury he suffered from Defendant's alleged failure to provide his final wage statement.  *Price v. Starbucks Corp.*,
     192 Cal. App. 4th 1136, 1142 (2011) ("[t]he injury requirement in [section 226(e) ] cannot be satisfied simply if one
24   of the nine itemized requirements in [section 226(a) ] is missing from a wage statement"); *see also Jaimez v.*
     *DAIOHS USA, Inc.*, 181 Cal.App.4th 1286, 1306–07 (2010) (employees "must establish 'actual injury' arising from
25   the receipt of inaccurate paystubs").  Rather, "the statute requires that an employee may not recover for violations of
     [section 226(a) ] unless he or she demonstrates an injury arising from the missing information."  *Price*, 192 Cal. App.
26   4th at 1142–43.  Courts interpreting California law have recognized that "the possibility of not being paid overtime,
     employee confusion over whether they received all wages owed them, difficulty and expense involved in
27   reconstructing pay records, and forcing employees to make mathematical computations to analyze whether the wages
     paid in fact compensated them for all hours worked" can constitute an injury under section 226(e).  *Ortega v. J.B.*
28   *Hunt Transp., Inc.*, 258 F.R.D. 361, 374 (C.D. Cal. 2009); *see also Alonzo v. Maximus, Inc.*, 832 F. Supp. 2d 1122,
     1135 (C.D. Cal. 2011).

1 *Estate of Prasad ex rel. Prasad v. Cnty. of Sutter*, 958 F. Supp. 2d 1101, 1128 (E.D. Cal. 2013)

2 (denying the defendant's motion to strike the plaintiff's prayer for punitive damages because such

3 claim for damages satisfies none of the five categories of material that may be stricken under

4 Rule 12(f)) (internal citations omitted); *Ferretti v. Pfizer Inc.*, 855 F. Supp. 2d 1017, 1029 (N.D.

5 Cal.2012) (denying defendant's motion to strike plaintiff's claim for damages since Rule 12(f) is

6 not an appropriate vehicle for such relief); *Duenez v. City of Manteca*, No. CIV. S–11–1820

7 LKK/KJN, 2011 WL 5118912, at *7 (E.D. Cal. Oct. 27, 2011) (same).  Instead, material may be

8 stricken under Rule 12(f) only when it is "redundant, immaterial, impertinent or scandalous

9 matter" or "an insufficient defense."  Fed. R. Civ. Pro. 12(f); *see also Whittlestone*, 618 F.3d at

10 973–74.

11   Plaintiff's prayer for injunctive relief does not satisfy any of the required

12 categories of material that may be stricken under Rule 12(f).  *Whittlestone*, 618 F.3d at 974

13 (delineating how claim for damages "clearly" fails to meet any of the five enumerated grounds for

14 striking material from a pleading); *see also Estate of Prasad ex rel. Prasad*, 958 F. Supp. 2d at

15 1128.  Nor may Defendant's motion to strike be read "in a manner that allow[s him] to use it as a

16 means to dismiss some or all of a pleading."  *Whittlestone*, 618 F.3d at 974; *see also Harvey v.

17 Bank of Am., N.A.*, 906 F. Supp. 2d 982, 996 (N.D. Cal. 2012).  Plaintiff's prayer for injunctive

18 relief is directly related to his claims under the UCL.  As such, Plaintiff's prayer for injunctive

19 relief is both material and pertinent.  Accordingly, since Defendant has not shown that Rule 12(f)

20 is an "authorized" or "proper" vehicle for the relief he seeks, *Yamamoto*, 564 F.2d at 1327,

21 Defendant's motion to strike Plaintiff's prayer for injunctive relief is denied, and the Court

22 declines to address the substance of Defendant's arguments.[12]

23   ii. *Language of "Other Employees"*

24   Defendant asks the Court to strike Plaintiff's allegations regarding other

25 employees as immaterial.  (ECF No. 3 at 19.)  Plaintiff argues that his language of "other current

26 and former employees" should not be stricken because these allegations are related to his PAGA

27

28 [12] If Defendant believes that Plaintiff does not have standing to seek injunctive relief, the Court invites Defendant to file the appropriate motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).

1    claims.  (ECF No. 9 at 5.)  The Court finds that Plaintiff's allegations of "other employees" are

2    immaterial because Plaintiff's PAGA claims have been dismissed as time-barred.

3            A plaintiff does not have standing to pursue PAGA claims in a representative

4    capacity when his own claims are time-barred.  *Thomas*, 527 F. Supp. 2d at 1009 (N.D. Cal.

5    2007) ("[a] [p]laintiff cannot go forward in a representative capacity with his PAGA claims after

6    the one-year statute of limitations under [California Code of Civil Procedure] § 340(a) has run");

7    *De Simas v. Big Lots Stores, Inc.*, No. C 06-6614 SI, 2007 WL 686638, at *4–5 (N.D. Cal. Mar.

8    2, 2007) (holding that a plaintiff could not pursue PAGA claims in a representative capacity

9    because the statute of limitations barred the plaintiff's claim).

10           An "immaterial" matter has no essential or important relationship to the claim for

11   relief or defenses pleaded.  *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) *rev'd*,

12   510 U.S. 517, 114 S. Ct. 1023 (1994) (overruled on other grounds); *Wilkerson v. Butler*, 229

13   F.R.D. 166, 170 (E.D. Cal. 2005) (citing *Gilbert v. Eli Lilly Co.*, 56 F.R.D. 116, 120, n.5 (D.P.R.

14   1972)).  A statement of unnecessary particulars in connection with and descriptive of a material

15   matter may be stricken as "immaterial."  *Wilkerson*, 229 F.R.D. at 170 (citing *Gilbert*, 56 F.R.D.

16   at 120, n. 5); *Burke v. Mesta Mach. Co.*, 5 F.R.D. 134 (D.C. Pa. 1946).  Superfluous historical

17   allegations are properly subject to a motion to strike.  *Fantasy, Inc.*, 984 F.2d at 1527; *see, e.g.*,

18   *Healing v. Jones*, 174 F. Supp. 211, 220 (D. Ariz. 1959).

19           Here, Defendant contends that Plaintiff's allegations regarding "other employees"

20   are immaterial because Plaintiff does not seek to represent a class and may not pursue PAGA

21   claims in a representative capacity because his own claims are time-barred.  (ECF No. 3 at 19.)

22   The Court agrees.  Plaintiff does not have standing to pursue PAGA claims in a representative

23   capacity because his own claims are time-barred.  *Thomas*, 527 F. Supp. 2d 1003, 1009.  Thus,

24   Plaintiff's allegations of "other employees" cannot be essential to his PAGA claims, or any other

25   claim for that matter.  *Fantasy, Inc.*, 984 F.2d at 1527.  In addition, Plaintiff has made no

26   indication that he seeks to represent a class.  As such, the Court finds that Plaintiff's allegations of

27   "other employees" are immaterial to any of Plaintiff's claims.

28           Accordingly, Defendant's Motion to Strike Plaintiff's allegations of "other

employees" is GRANTED with leave to amend.

## IV. **CONCLUSION**

For the reasons set forth above, the Court hereby GRANTS IN PART AND DENIES IN PART Defendant's Motion to Dismiss and/or Strike Plaintiff's First Amended Complaint.  (ECF No. 3.)  The Court:

1. Construes Defendant's Motion to Strike Plaintiff's PAGA claims under Federal Rules of Civil Procedure 12(f) as a Motion to Dismiss under 12(b)(6);

2. GRANTS Defendant's converted Motion to Dismiss Plaintiff's PAGA claims without leave to amend;

3. GRANTS Defendant's Motion to Dismiss without leave to amend as to COUNT III;

4. DENIES Defendant's Motion to Dismiss as to COUNT IV;

5. Construes Defendant's Motion to Strike Plaintiff's claims for penalties in violation of Section 226 under Federal Rules of Civil Procedure 12(f) as a Motion to Dismiss under 12(b)(6);

6. GRANTS Defendant's converted Motion to Dismiss Plaintiff's claims for penalties in violation of Section 226 without leave to amend;

7. DENIES Defendant's Motion to Strike as to Plaintiff's prayer for injunctive relief; and

8. GRANTS Defendant's Motion to Strike as to Plaintiff's allegations of "other employees" with leave to amend.

IT IS SO ORDERED.

Dated:  May 1, 2015

Troy L. Nunley
United States District Judge